UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
TED H. WESTERFIELD,                :
                                        02 Civ. 1853 (LMM))
            Petitioner,     :           (95 Cr. 219 (LMM))

       - v -                :     MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,          :

            Respondent.     :
-----------------------------------x

McKENNA, D.J.

**1.**

The above petitioner was convicted after a jury trial of a number of counts of fraud, and sentenced, on November 15, 1996, to 15 months of imprisonment, three years of supervised release, a fine, and restitution. (See Judgment, Dec. 31, 1996, at 1-3.) The Second Circuit Court of Appeals affirmed in a Summary Order on July 17, 1997. See United States v. Westerfield, 116 F.3d 466 (2d Cir. 1997). Defendant's supervised release terminated on April 5, 2001. (See Def. Letter to Court, Aug. 28, 2002, at 2; Gov't Letter to Court, June 14, 2002, at 3.)

Petitioner seeks in a motion under 28 U.S.C. § 2255 to vacate his sentence. The motion was delivered to the Clerk's Pro Se Office on February 21, 2002 (see Motion at 1, Clerk's Pro Se

Office stamp), and was docketed as filed on March 7, 2002. (See Docket, 02 Civ. 1853, No. 1.)

After the case was filed, the Court, at the request of petitioner, who had advised the Court of difficulties in filing a 28 U.S.C. § 2255 motion in a timely fashion, directed that the petition would be deemed filed as of October 15, 1998. (See Order, March 4, 2002.)[1]

**2.**

The Government argues, among other things, that the Court lacks jurisdiction of petitioner's motion because petitioner was not in custody when the petition was filed. (See Gov't Letter to Court, June 14, 2002, at 7-9.) The Government is correct.

"A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody." United States v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960) (footnote omitted). "In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in custody' requirement of 28 U.S.C. § 2255." Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (citing and quoting Brilliant, 274 F.2d at 620.) Further, "once the sentence imposed for a conviction has completely expired, the

---

[1] The Government contends that this tolling order was improper. (See Gov't Letter to Court, June 14, 2002, at 5-7.) The Court does not reach this issue.

collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Malena v. Cook, 490 U.S. 488, 492 (1989).

Since petitioner's supervised release expired on April 5, 2001, prior to the filing of the petition on February 21, 2002, this Court has been without jurisdiction of petitioner's 28 U.S.C. § 2255 action from the outset.

The Court's March 4, 2002 order, deeming the petition to have been filed as of October 15, 1998, was thus a nullity. As the Court of Appeals pointed out in Scanio, "[t]he 'in custody' requirement of § 2255 is more than a filing period; it is a status or condition that cannot be altered by a procedural rule. Either Scanio was 'in custody' on November 29, 1993, or he was not." 37 F.3d at 860.

For the foregoing reasons, the petition is dismissed for lack of jurisdiction.

SO ORDERED.

Dated: February /, 2012

_____
Lawrence M. McKenna
U.S.D.J.